UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID JAMES REISCHAUER,

               Plaintiff

v.

RUSS JONES et al.,

               Defendants.

_____/

Case No. 4:04-CV-42

Hon. Gordon J. Quist

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant's motion for summary judgment pursuant to Fed. Rules Civ. Proc. 56(b), which seeks dismissal under the "total exhaustion rule" announced in *Jones Bey v. Johnson*, 407 F.3d 801(6th Cir. 2005) (docket no. 87) and plaintiff's response, which included a motion for leave to file an amended complaint (docket no. 100).

### Discussion

### I.       Introduction

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.   *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984);   *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).   Defendant has moved for summary judgment pursuant to  Rule 56(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c).

## II.    Procedural background

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed. *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104.

In his complaint, plaintiff named eight defendants: Russ Jones, Patrick Harrington, Kathy Olson, Linda Metrish, Shannon Green, Fabian Lavigne, Barry Davis and Rhonda Hoornstra. On June 4, 2004, this court entered an order for partial dismissal and for service. In this order, the court dismissed plaintiff's claims against defendants Harrington, Olson, Metrish, Green, Lavigne, Davis and Hoornstra without prejudice for lack of exhaustion of available administrative remedies as required by the PLRA, and directed service of the complaint on the sole remaining defendant, Russ Jones. Defendant Jones subsequently moved for summary judgment on grounds of qualified immunity. On August 24, 2005, the court granted the motion in part and denied the motion in part.

*See* docket nos. 76 and 77.  The court's order dismissed all of plaintiff's § 1983 claims except the allegations that defendant Jones violated his First Amendment right to participate in the Ramadan fast and to obtain Islamic religious books.  *Id.*

### III.   Retroactive effect of *Jones Bey*

On April 27, 2005, after this court's initial screening and before its resolution of the motion for summary judgment, the Sixth Circuit issued its decision in *Jones Bey,* holding that "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims."  *Jones Bey*, 407 F.3d at 805.  In *Jones Bey*, the Sixth Circuit explained some of the policies underlying the PLRA:

> One purpose of the act is to reduce the sheer number of prisoner suits, especially frivolous actions. Congress also intended to give increased powers to prisons so that they could solve their problems according to their own internal dispute resolution systems. In the PLRA context, a total exhaustion rule would encourage prisoners to make full use of inmate grievance procedures and thus give prison officials the opportunity to resolve prisoner complaints. When the courts dismiss the actions without prejudice, prisons would have the opportunity to fully resolve the complaint. If the complaint cannot be resolved within the prison, the prisoner could file an action in court with a complete administrative record that would ultimately assist federal courts in addressing the prisoner's claims.

> Additionally, adopting the total exhaustion rule creates comity between § 1983 claims and habeas corpus claims. The Supreme Court requires total exhaustion in habeas cases to allow state courts the first opportunity to solve prisoners' cases because they are arguably in a better position to analyze and solve the problems. The PLRA, too, was enacted to allow state prison systems the first chance to solve problems relating to prison conditions. Because both bodies of law were created for similar reasons, their exhaustion rules should be interpreted in a similar manner.

*Jones Bey*, 407 F.3d at 807-08 (citations, internal quotation marks and footnote omitted).

Defendant contends that *Jones Bey* should be applied retroactively to the court's initial screening of plaintiff's complaint.  The court agrees.  In *Harper v. Virginia Department of*

3

*Taxation*, 509 U.S. 86, 97 (1993), the Supreme Court explained that "[w]hen this Court applies a rule of federal law [in a civil decision] to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule." *See, e.g., Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (citing *Harper*).

The Sixth Circuit's decision in *Jones Bey* is a controlling interpretation of federal law that must be given full retroactive effect "as to all events" in pending litigation. The dismissal of plaintiff's suit without prejudice would be consistent with the policies discussed in *Jones Bey*. Plaintiff's complaint contained over 50 paragraphs of allegations against eight defendants, raising allegations of staff corruption and a conspiracy to deny him his First Amendment rights. The only claims that the MDOC had an opportunity to address through its grievance system were the claims asserted against defendant Jones. Because plaintiff did not exhaust his claims with respect to Patrick Harrington, Kathy Olson, Linda Metrish, Shannon Green, Fabian Lavigne, Barry Davis and Rhonda Hoornstra, the MDOC was not given an opportunity to resolve plaintiff's claims against them.

The underlying policy of the total exhaustion rule is underscored by plaintiff's actions in this suit. Shortly after defendant filed his first motion for summary judgment, plaintiff sought to amend his complaint to include claims against the seven dismissed defendants. *See* docket no. 56. Thus, even after these defendants were dismissed from this suit for failure to exhaust administrative remedies under the PLRA, plaintiff still attempted to assert claims against them.

Finally, this court has applied the total exhaustion rule in the past. Although the court did not apply the total exhaustion rule in its June 4, 2004 order, this court has applied this rule in other cases prior to the Sixth Circuit's decision in *Jones Bey*. *See, e.g., Foster v. Martin*, No. 4:01-v-

4

152 (W.D. Mich.) (Opinion March 3, 2003) (Quist, J.); *Smeltzer v. Hook*, 235 F. Supp.2d 736 (W.D. Mich. 2002) (McKeague, J.).

### IV.    Plaintiff's motion to amend

In response to defendant's motion for summary judgment, plaintiff seeks to file yet another amended complaint.  Citing "a change of events of the case," plaintiff now seeks to avoid the effect of the total exhaustion rule by amending his complaint to remove his claims against the seven dismissed defendants.  *See* docket nos. 100 and 101.  Because defendant has filed an answer, plaintiff may amend his complaint by leave of court which "shall be given when justice so requires." *See* FED. R. CIV. P. 15(a).  Here, the court  finds that justice does not require the amendment of plaintiff's complaint.

First, "a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA."  *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) (footnote omitted).

Second, the retroactive application of the total exhaustion rule in *Jones Bey* requires the dismissal of plaintiff's complaint in the first instance.  Plaintiff exhausted a claim against defendant Jones, yet he chose to file a lengthy complaint involving numerous claims against seven other defendants without exhausting these additional claims as required by the PLRA. It is not appropriate to ignore plaintiff's refusal to comply with the statutory exhaustion requirement.  *See Cox v. Mayer*, 332 F.3d 422, 426-27 (6th Cir. 2003) ("to excuse the statutory duty to exhaust would be not only to usurp the legislative function but also to prevent potentially frivolous suits from meeting an administrative death (as the statute intended)"). Accordingly, plaintiff's motion to amend should be denied.

5

**Recommendation**

For the reasons set forth above, I respectfully recommend that defendant's motion for summary judgment (docket no. 87) be **GRANTED** and plaintiff's motion for leave to file an amended complaint (docket no. 100) be **DENIED,** and the action be dismissed.


Dated:  March 31, 2006                         /s/ Hugh W. Brenneman, Jr.
                                               Hugh W. Brenneman, Jr.
                                               United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6